By the Court.—Sedgwick, J.
The action was for goods sold and delivered. The defense was that the goods were not sold but consigned for sale. The issue was to be determined by the conclusion drawn from the correspondence between the parties. It is strange, but it is true, that the more than forty letters that passed between the plaintiffs and defendants are- not explicit -as to whether the goods were sold absolutely or consigned. The counsel for the appellants made a resolute and not unsubstantial argument as to the nature of the contract to be inferred from the terms of the letters, but the referee has come to a different conclusion. There is a great deal to support that, and we would have to hold his report on that point, final, if no error was committed on the trial as to the rejection or admission of evidence which improperly affected or tended to affect the mind *398 of the referee in passing upon the contents of the letters.
I think, however, that there was a material error in allowing this question, “Does the word agent in the letters of plaintiffs, pat in evidence, refer to defendants as parties who were to sell the goods of the plaintiff, as agents, or was it applied to them as agents who had been allotted a territory in which to sell goods, or rather Arzurene, sold by plaintiffs to them?” to be answered under the specific objection that it was incompetent to take the witness’s testimony on that point, in place of the legal conclusion to be drawn by the referee from the letters themselves. The part of the letters referred to were very material. It characterized the defendants as the plaintiffs’ agents. The witness was the writer of the letters. The construction of the letters was solely for the referee, but if the witness is allowed to construe an important part of the letters, the inference is that it had the influence that all testimony admitted is deemed to have. There is implied another error that the meaning the writer intended to express, is material, except as the letters by themselves, in view of the surrounding facts known to both sides, disclose that intention. There is no way of ascertaining the weight that was given to this testimony, and that it did not affect the result. This requires a reversal of the judgment.
There were other questions of a like kind, which it is not important to specify, which were erroneously admitted. It may be expedient to point out another matter, in which appellant may have been injured. The plaintiffs’ counsel asked one of the defendants, when on the stand as a witness, the pertinent inquiry if they had received commissions froto the plaintiffs. The answer was, “Yes.” He was then asked to point out in some of the defendants’ books of account, any entries as to commissions received. The answer was that there were no entries in these books as to those commissions *399 in that way, and that there were no charges in the books for commissions as such. This was, or might have been claimed to be, at least unusual with a person acting for another for a commission, who had received the commission. It called for an explanation. The same witness was then asked on behalf of defendants, to look at the account of plaintiffs in defendants’ books and explain the way in which the account was kept, and how the commissions paid by the plaintiffs appeared in the account, and was further asked in a general way how the commissions paid to the defendants for the sale of plaintiffs’ goods, was shown on the defendants’ books. The reasons for the exclusion of the testimony called for, do not appear. It seems to me material, under the circumstances, for the defendants to show that the amount of commissions appeared on the accounts, although not explicitly stated to be commissions. The fact that the books did not show the amount of commissions as such, may have materially influenced the referee’s mind in coming to the conclusion that the plaintiffs’ goods were not sent to defendants to sell for the plaintiffs on commission.
Of course, we do not undertake to say that the conclusion of the referee was unjust to the defendants ; we can only ascertain if the methods fixed by law to attain justice were used.
The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event, and the order of reference should be vacated.
Monei/l, Ch. J., and Speir, J., concurred.